JOSHUA T. BALDWIN *vs.* INHABITANTS OF PRENTISS.

Penobscot.    Opinion June 28, 1909.

*Towns.  Money Loaned to Towns.   Antecedent Authority or Subsequent Ratification
Necessary to Maintain Action Therefor.   Town Treasurer.*

1.  An action will not lie against a town for money loaned to it, through its officers, without antecedent authority, unless their action has been ratified by the town, even if the money has been used to pay legitimate obligations of the town.

2.  If a town treasurer pays a town order with his own money, it is essentially a loan to the town, and he cannot recover the money from the town without proof that the town previously authorized or subsequently ratified his action.

3.  A town treasurer is not the financial agent of the town. His duty is simply to receive and safely keep the public money and disburse it upon lawful warrant.

On report.    Judgment for defendants.

Action for money had and received.    Plea, the general issue with brief statement invoking the statute of limitations.    At the trial, the presiding Justice submitted to the jury certain questions for special answer and after their answer had been returned the case was reported to the Law Court for determination.

The case is stated in the opinion.

*P. H. Gillin,* for plaintiff.

*H. H. Patten,* for defendants.

SITTING:   WHITEHOUSE, SAVAGE, PEABODY, CORNISH, KING, BIRD, JJ.

SAVAGE, J.    This is an action for money had and received, to which the defendant pleaded the general issue and the statute of limitations.    The plaintiff contends that on October 13, 1905, he as town treasurer of the defendant town, and acting for the town, took up and paid to the holder, with his own money, a town order dated March 22, 1900.    There was no money in the town treasury at that

time. The defendant contends that the plaintiff bought the order on his own account, and that the statute of limitations applied to the order before the date of the writ, which was May 4, 1907.

The presiding Justice submitted to the jury the following questions for special answer : — "Did the plaintiff pay the town order in question as town treasurer, to be extinguished and used only as a voucher, or did he purchase it to hold as a town order?" and the jury answered, "Paid." Thereupon the case was reported to the Law Court for determination upon so' much of the evidence as is legally admissible.

In the view we take of the case, it is immaterial whether the plaintiff bought the order, or paid it. If he bought it, it was barred by the statute of limitations when suit was commenced. If he paid it with his own money, and especially if, as he testified, he expected to get interest on his advancement, it was to all intents and purposes a loan to the town, and hence not recoverable from the town without proof of previous authority from the town, or subsequent ratification by it. Neither appears in this case.

It is well settled by a long line of cases in this State, the last of which was *Pierce* v. *Greenfield*, 96 Maine, 350, that an action will not lie against a town for money loaned to it, through its officers, without antecedent authority, unless their action has been ratified by the town, even if the money has been applied to the discharge of legitimate obligations of the town. See *Lovejoy* v. *Foxcroft*, 91 Maine, 367, where the proposition was elaborately discussed.

It does not seem to be open to dispute that a town treasurer can no more bind the town by loaning his own money to it without authority, than he can by hiring money for it from others. In *Lovejoy* v. *Foxcroft*, supra, the court used this language :—"The town treasurer is not the town's financial agent, and has no power whatever, as such, to bind the inhabitants of the town to repay money borrowed by him for the town and used by him in discharging liabilities of the town. He has no more power than a highway surveyor in this respect. He is unlike the cashier of a bank or the treasurer of a trading corporation. He is simply a public officer

charged by law, not by the town, with the duty of receiving and guarding the public money and disbursing it upon lawful warrant."

It is the policy of the law in this State that a town may always invoke the doctrine of ultra vires as a defense to a contract, express or implied, made for it by its officers, which it has neither authorized nor ratified. The general principles of equity and good conscience which are applied to individuals and business corporations cannot alone be the basis of an action against a town. *Lovejoy* v. *Foxcroft,* supra. We cannot say that a town must pay, simply because in good conscience, or even in common honesty, it ought to pay.

If the plaintiff paid the order, as he claims, with his own money, he took the chances of the town's being willing, later, to reimburse him. It seems that for some reason,—and whether the reason is good or bad is immaterial,—the town is unwilling. That is an end of the plaintiff's case.

*Judgment for the defendants.*